NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 30 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUSTINE TANJAYA, DDS, an individual, | No. 20-55040 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-02956-GW-FFM |
| v. | |
| REGENTS OF THE UNIVERSITY OF CALIFORNIA, an entity; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted November 20, 2020[**]
Pasadena, California

Before: LINN,[***] RAWLINSON, and HUNSAKER, Circuit Judges.

Justine Tanjaya, DDS, appeals the district court's dismissal of her Title IX

retaliation and sex discrimination/hostile environment claims. Tanjaya argues that

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Richard Linn, United States Circuit Judge for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

she sufficiently alleged Title IX claims and that the district court abused its discretion by considering the Regents of the University of California's (University) Title IX investigation report on a motion to dismiss. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. **Title IX Claims:** The factual allegations of the complaint, taken as true and construed in the light most favorable to Tanjaya, are insufficient to support her contention that the University's response to her Title IX claim was "deliberately indifferent to sexual harassment . . . that is so severe, pervasive, and objectively offensive that it can be said to [have] deprive[d] [Tanjaya] of access to the educational opportunities or benefits provided by the [University]," *Davis ex. rel. LaShonda D. v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 650 (1999), or that the University retaliated against her because of her claim, *see, e.g., Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 174 (2005). The factual allegations in the complaint also fail to show that the University's handling of her Title IX claim was unreasonable. *Karasek v. Regents of Univ. of Cal.*, 956 F.3d 1093, 1108–09 (9th Cir. 2020). Tanjaya does not allege that any sexual harassment occurred after she reported her sexual harassment claim to the University's Title IX office.[1] *See Stanley v. Trs. of Cal. State Univ.*, 433 F.3d 1129, 1137 (9th Cir. 2006). Nor does

---

[1] We grant Tanjaya's request to take judicial notice of the University's Sexual Violence and Sexual Harassment Policy.

2

she allege sufficient facts to establish that the University itself retaliated against her or had notice of the alleged retaliation after she filed her Title IX claim. *Jackson*, 544 U.S. at 174; *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 285 (1998); *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 739 (9th Cir. 2000).

**2.** **Investigation Report:** Even if the district court erred by considering the investigation report, reversal on that ground is unwarranted. The Second Amended Complaint's failure to allege facts sufficient to support Tanjaya's three Title IX causes of action independently supports the district court's dismissal. Therefore, the district court's review of the report did not prejudice Tanjaya. *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 462 (9th Cir. 2014) (en banc) (quoting *Grand Canyon Skywalk Dev., LLC v. 'Sa' Nyu Wa Inc.*, 715 F.3d 1196, 1202 (9th Cir.2013)) (stating "[a] district court's evidentiary rulings should not be reversed absent clear abuse of discretion and some prejudice") overruled on other grounds in *United States v. Bacon*, No. 18-50120, ___ F.3d ___, 2020 WL 6498258 (9th Cir. Nov. 5, 2020) (en banc).

**AFFIRMED.**